07-11-05
SK4

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>PHILIP N. CHIOTELLIS, M.D. and<br>CARDIAC REHABILITATION OF<br>CAPE COD, INC.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action RWZ<br>No. 05-11255-MLW |

## ANSWER

Philip N. Chiotellis, M.D. and Cardiac Rehabilitation of Cape Cod, Inc. make their answer to the allegations contained in the Complaint as follows:

1.      The allegations set forth in this paragraph of the Complaint consist of legal conclusions to which no answer is required.

2.      The allegations set forth in this paragraph of the Complaint consist of legal conclusions to which no answer is required.

3.      The allegations set forth in this paragraph of the Complaint consist of legal conclusions to which no answer is required. Dr. Chiotellis denies that he engaged in any "wrongdoing."

4.      The allegations set forth in this paragraph of the Complaint consist of legal conclusions to which no answer is required.

5.      The allegations set forth in this paragraph of the Complaint consists of legal conclusions to which no answer is required.

6.      Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and call upon plaintiff to prove same at trial.

7.      Admitted.

8.      Admitted.

9.      Denied.

10-23.      Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and call upon plaintiff to prove same at trial.

24.      Admitted.

25-26.      The allegations set forth in these paragraphs of the Complaint consist of legal conclusions to which no answer is required.

27.      Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and call upon plaintiff to prove same at trial.

28-29.      The allegations set forth in these paragraphs of the Complaint consist of legal conclusions to which no answer is required.

30.      The documents cited in this paragraph of the Complaint speak for themselves and no further answer is required.

31.      The term "typically" as used in this paragraph of the Complaint is too vague and ambiguous to permit an answer to be made.

32.     Defendants admit that the first sentence of this paragraph of the Complaint describes in part the purpose of cardiac rehabilitation. The document referenced in the second sentence speaks for itself and therefore no further answer is required.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and call upon plaintiff to prove same at trial. Further, the term "generally" as used in this paragraph is too vague and ambiguous to permit an answer to be made.

38.     Admitted.

39.     Admitted.

40.     Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and call upon plaintiff to prove same at trial.

41.     Denied.

42.     The documents referenced in this paragraph of the Complaint speak for themselves and therefore no further answer is required.

43.     The documents referenced in this paragraph of the Complaint speak for themselves and therefore no further answer is required. The term "typically" used in the last sentence is too vague and ambiguous to permit an answer to be made to this sentence.

44-45.      The documents referenced in these paragraphs of the Complaint speak for themselves and therefore no further answer is required.

46.    Denied.

47.    Defendants admit the first sentence of this paragraph of the Complaint. The documents referenced in the remainder of this paragraph of the Complaint speak for themselves and therefore no further answer is required.

48.    The term "cardiovascular stress test" is not defined and this paragraph of the Complaint is therefore too vague and ambiguous to permit an answer to be made.

49-50.      Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and call upon plaintiff to prove same at trial. To the extent the carrier in fact made the "findings" or the "determination" alleged in this paragraph, defendants deny the validity of any such alleged "determination" or "findings."

51-57.      Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in the first sentence of each of these paragraphs to the Complaint and call upon plaintiff to prove same at trial. Defendants deny the allegations set forth in the second sentence of each of these paragraphs of the Complaint.

58.    Denied.

59.    Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and call upon plaintiff to prove same at trial.

60.    Denied.

4

61.    The documents referenced in this paragraph of the Complaint speak for

themselves and therefore no further answer is required.

62.    Defendants restate and incorporate herein by reference each and every answer as

set forth in paragraphs 1 through 61 above.

63.    Denied.

64.    Denied.

65.    Defendants restate and incorporate herein by reference each and every answer as

set forth in paragraph 1 through 64 above.

66.    Denied.

67.    Denied.

68.    Defendants restate and incorporate herein by reference each and every answer as

set forth in paragraphs 2 through 67 above.

69.    Denied.

70.    Denied.

71.    Defendants restate and incorporate herein by reference each and every answer as

set forth in paragraphs 1 through 70 above.

72.    This paragraph of the Complaint sets forth a legal conclusion to which no answer

is required.

73.    Denied.

74.    Denied.

75.    Defendants restate and incorporate herein by reference every answer as set forth

in paragraphs 1 through 74 above.

76.    This paragraph of the Complaint sets forth legal conclusions to which no answer is required.

77.    Denied.

78.    Denied.

79.    Defendants restate and incorporate herein by reference each and every answer as set forth in paragraphs 1 through 78 above.

80.    This paragraph of the Complaint sets forth a legal conclusion to which no answer is required.

81.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by its conduct and the conduct of its agents from asserting claims set forth in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived any right it may have had to assert the claims set forth in the Complaint.

6

## SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to set off all of their unreimbursed costs and expenses in

providing services to Medicare patients.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent plaintiff suffered any damage as alleged in the Complaint, such alleged

damage was the result of the actions and omissions of the plaintiff and/or its agents.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants acted in justifiable reliance upon the actions, representations and omissions of

plaintiff and/or its agents.

## NINTH AFFIRMATIVE DEFENSE

The actions of plaintiff and its agents in promulgating vague, ambiguous, misleading and

inconsistent publications, codes, regulations and oral guidance rendered it impossible for

defendants to submit any claim that would not be construed as "false."

WHEREFORE, defendants respectfully request that the Complaint be dismissed in its entirety and that defendants be awarded their costs and expenses in this action, including reasonable attorneys fees.

Respectfully submitted,

PHILIP N. CHIOTELLIS, M.D. and
CARDIAC REHABILITIATION OF
CAPE COD, INC.

By their attorneys,

Michael S. Gardener, BBO# 185040
Thomas S. Crane, BBO# 542890
Jean M. Healey, BBO# 660456
MINTZ LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: July 11, 2005

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Answer was served by Hand Delivery upon Patricia M. Connolly, Esq., U. S. Attorney's Office, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210 on this 11th day of July, 2005.

Michael S. Gardener

LIT 1531126v1